LEANDER C. BELCHER *et al. vs.* JOSEPH H. BELCHER *et als.*

A testator by his will provided:

"I give and bequeath to my three sons, J., L. and N. . . . the sum of ten thousand dollars each."

The will contained several bequests, pecuniary and specific, and several specific devises. It closed with the residuary provision:

"I give, devise, and bequeath all the rest and remainder of my estate, real and personal, wherever or however situated, and including therewith all such other real estate as I may hereafter acquire, . . . in equal shares to my three sons, J., L. and N. (the share of the said J. in and to my estate to include the estate where he now lives, situated on the S. side of D. Street, . . . said estate to be taken at the valuation of eleven thousand five hundred dollars, and no claims to be brought by the said J. against my estate for any sum which may have been by him expended in improving said estate."

J. accepted the devise.

*Held,* that the estate on D. Street was a specific devise to J., and not subject to sale in order to pay pecuniary bequests.

*Held,* further, that J. took the estate on D. Street in full of his legacy of ten thousand dollars, and further on account of his share of the *residuum* to the extent of fifteen hundred dollars, and further in full settlement of any claim he might have under an agreement with the testator that sums spent on the D. Street estate should be paid equally by the testator and by J.

BILL IN EQUITY to charge realty with legacies, and for an account. Heard on bill, answer, and an agreed statement of facts.

The last will of Joseph Belcher, duly proven before the Municipal Court of the city of Providence, is as follows:

"I, Joseph Belcher, of the city and county of Providence in the State of Rhode Island, make this my last will and testament in manner following, that is to say:

"I direct that all my just debts, funeral expenses, expense of settling my estate, be first paid; and in case it shall not be erected prior to my decease, I direct that a granite monument be erected on my burial lot at Swan Point Cemetery, and that said burial lot shall be curbed with granite.

"I give and devise to my beloved wife Hannah Belcher, to and for her own use, benefit, and behoof forever, all my household furniture and family stores, piano, books, pictures, engravings, and silver ware and plate; and also the sum of two thousand dollars, said sum to be paid to her by my executor hereinafter named within six months from the probate of this my will.

"I give and bequeath to my said wife Hannah Belcher the

value of one full, equal, undivided third part of all my real estate, wherever or however situated.

" To have and to hold the same, with all the rights and privileges thereof, to her, the said Hannah Belcher, her heirs, executors, administrators, and assigns forever.

" I give and bequeath to my son, Leander C. Belcher, the sum of five hundred dollars in trust, for the uses and purposes following, that is to say, in trust that he shall invest the same in his name as trustee, and from time to time to apply and appropriate so much of the income and produce thereof as may be necessary for keeping in good order my burial lot in Swan Point Cemetery.

" I give and bequeath to my three sons, Joseph H. Belcher, Leander C. Belcher, and Newell W. Belcher, to and for their own use, benefit, and behoof forever, the sum of ten thousand dollars each, the same to be paid to them, by my executor hereinafter named, within four years from the probate of this my will.

" I give and bequeath to my daughter, Charlotte Elizabeth Belcher, to and for her own use, benefit, and behoof forever, the sum of ten thousand dollars, the same to be paid to her by my executor hereinafter named, within four years from the probate of this my will.

" I give and devise to my daughter, Emily Ann Reynolds, for and during the term of her natural life, my estate situated on the northerly side of Lockwood Street, in said Providence, and now No. 107 (one hundred seven) on said street.

" To have and to hold the same, with all the rights and privileges thereof, to her, the said Emily Ann Reynolds, for and during the term of her natural life, free and clear from any control of her husband.

" And from, after, and upon the decease of her, the said Emily Ann Reynolds, leaving any child or children, I give and devise said estate so given to her for life, in equal shares to the child or children of her, the said Emily Ann Reynolds. To have and to hold the same, with all the rights and privileges thereof, in equal shares, to said child or children, his, her, and their heirs and assigns forever. And in case of the decease of her, the said Emily Ann Reynolds, without leaving any child or children, then I give and devise said estate so given to her for life in equal shares to my heirs at law, their heirs and assigns forever.

" I give and bequeath to my daughter, Harriet S. Wakefield, of Saint Paul, Minnesota (wife of William Wakefield), to and for her own use, benefit, and behoof forever, the sum of five thousand dollars, the same to be paid to her by my executor, hereinafter named, within four years from the probate of this my will.

" I give and bequeath to my granddaughter, Emily Belcher Reynolds, to and for her own use, benefit, and behoof forever, the sum of one thousand dollars, the same to be paid to her, by my executor hereinafter named, within four years from the probate of this my will.

" I give and bequeath to my son, Leander C. Belcher, the sum of five thousand dollars in trust for the uses and purposes following, that is to say, in trust that he shall invest the same in his name as trustee for my granddaughter, Julia Adelaide Mather, in some one or more of the incorporated banks or savings institutions in said Providence, and from time to time advance so much of said sum and of the income as he shall deem requisite for her necessary use for and during the term of her natural life. And in further trust, in case of the decease of her, the said Julia Adelaide Mather, leaving any lawful issue, to advance from time to time so much of said sum as he may deem requisite for the use of said lawful issue of her, the said Julia Adelaide Mather.

" But in case of the decease of her, the said Julia Adelaide Mather, without leaving any lawful issue, then in trust to transfer and convey all of said trust property then remaining in equal shares to my heirs at law, to and for their own use, benefit, and behoof forever.

" I hereby authorize and empower my executor hereinafter named, by and with the consent and approval of the Municipal Court of said Providence, to sell and dispose of such of my real estate (excepting only that hereinbefore devised to Emily Ann Reynolds and the estate hereinafter included in the share of Joseph H. Belcher) as may be necessary for the payment of legacies and division of my estate.

" I give, devise, and bequeath all the rest, residue, and remainder of my estate, real and personal, wherever or however situated, and including therewith all such other real estate as I may hereafter acquire, of which I shall die seized, possessed of, and entitled

to at the time of my decease, in equal shares to my three sons, Joseph H. Belcher, Leander C. Belcher, and Newell W. Belcher (the share of the said Joseph H. Belcher in and to my estate to include the estate where he now lives, situated on the southerly side of Dudley Street, in said Providence, consisting of four lots of land, with the buildings and improvements thereon; said estate to be taken at the valuation of eleven thousand five hundred dollars, and no claim to be brought by the said Joseph H. Belcher against my estate for any sum which may have been by him expended in improving said estate).

" To have and to hold the same, with all the rights and privileges thereof, in equal shares as aforesaid, to my said sons, Joseph H. Belcher, Leander C. Belcher, and Newell W. Belcher, their heirs and assigns forever.

" I hereby nominate and appoint the said Leander C. Belcher sole executor of this, my will, hereby revoking and annulling all other and former wills by me made, and establishing this, and this only, as and for my last will and testament.

" In testimony whereof I have hereunto set my hand and seal this sixth day of February, in the year of our Lord one thousand eight hundred and seventy-five.

" JOSEPH BELCHER. [L. S.]

" Signed, sealed, published, pronounced, and declared by the said Joseph Belcher as and for his last will and testament, in the presence of us, who at the same time, at his request, in his presence and in the presence of each other, have hereunto set our names as witnesses to the same.

" BENJAMIN W. SPINK,<br>" STOCKFORD WHEATON."

The agreed statement of facts in this case is as follows:

" The following are agreed upon as facts, for the purposes of this trial only :

" 1. That the legacies bequeathed by the will of the late Joseph Belcher cannot be paid in full without resorting to the Dudley Street estate.

" 2. That in the year 1873, and prior to the date of the testator's will, the defendant, Joseph H. Belcher, had expended about three thousand dollars in improvements upon said Dudley

Street estate, upon an agreement with his father that the expense of said improvements, to the amount of three thousand dollars, should be shared equally between them; that the testator never paid his half of the amount so expended for improvements; and that the said defendant has never made any claim upon his father's estate for any part of said amount.

"3. That said Joseph H. Belcher, at and before the time said improvements were made, occupied the whole of said Dudley Street estate as tenant under his father, and continued so to occupy it until his father's decease, paying him rent at the rate of $25 per month from January 7, 1868, to August 7, 1869, and after this latter date, on account of his father's having put gas in the house, at the rate of $26 per month."

*January* 14, 1888. PER CURIAM. We think the Dudley Street estate, given to Joseph H. Belcher by the will of the late Joseph Belcher, is not liable to be charged for the purpose of completing the payment of the pecuniary legacies; for though it is included in the residuary clause, it does not go by that clause to the residuary devisees in common as a part of the general *residuum*, but it is separated so as to go, subject to certain conditions, to Joseph H. individually, and consequently so as to be subject to these conditions, a specific devise to him. The language of the residuary clause which particularly refers to the Dudley Street estate is as follows, to wit: " The share of the said Joseph H. Belcher in and to my estate to include the estate where he now lives, situated on the southerly side of Dudley Street, in said Providence, consisting of four lots of land, with the buildings and improvements thereon; said estate to be taken at the valuation of eleven thousand five hundred dollars, and no claim to be brought by the said Joseph H. Belcher against my estate for any sum which may have been by him expended in improving said estate." Evidently this means, not simply that the Dudley Street estate shall be included in Joseph H.'s share in the *residuum*, but that, if taken, it shall be taken instead of the $10,000 legacy, and beyond that to the extent of $1,500, not only for his share of the residue, but also in satisfaction of any claim which he may have against the estate for his improvements. Joseph H. has accepted the devise on the terms on which it was given, and we do not see how it can be consistently reclaimed. The will bears date February 6, 1875. The

agreed statement of facts shows that the Dudley Street estate was in possession of Joseph H. as tenant from January 7, 1868, at $25 per month, to August 7, 1869, and subsequently at $26 per month, and that in 1873 Joseph H. had expended about $3,000 in improvements on it, upon an agreement with the testator that the expenses up to $3,000 should be shared equally between them, and that the testator had not paid his part. Clearly the estate was given to Joseph H. by the will on account of the special interest which he had in it, both because it had been so long his home, and also because he had expended so much in improving it for his purposes. The will cannot be carried out if the estate is alienated from Joseph H. by sale. If it is sold to somebody else, his share under the will will not include it, and, even if it were bought by himself, it would come to him as purchaser, not as his share under the will. And that any alienation of it from Joseph H. would defeat the intention of the testator is further shown by the grant of power to the executor contained in the will to sell so much of the real estate as may be necessary for the payment of legacies, inasmuch as the grant specially excepts out of its operation the estate specifically devised to his daughter, Emily Ann Reynolds, and the estate included in the share of Joseph H., thus recognizing them both as standing on the same footing as estates which were to go specifically as devised. Doubtless the testator's intention to have his sons take equally will be disappointed by this construction, but it will be disappointed because the estate is less valuable than he supposed, and the construction cannot be abandoned for that reason if the devise to Joseph H. is to be regarded as specific. In *Robinson* v. *McIver*, 63 N. C. 645, the decision was that general pecuniary legacies are not chargeable on specific devises of land, though found in the residuary clause. Moreover, the devise to Joseph H. is partly in satisfaction of a debt due from the testator, and is entitled to be preferred to the pecuniary legacies on that account. 2 Williams on Executors, 1364 ; Schouler on Executors & Administrators, § 490, n. 4.

The bill must be dismissed, but, considering the nature of the question, without costs.

*James Tillinghast*, for complainants.

*Edwin Metcalf*, *Charles Bradley*, *George B. Barrows & Walter F. Angell*, for respondents.